# BALTIMORE & OHIO RAILROAD COMPANY *v.* FITZGERALD.

MUNICIPAL CORPORATIONS; POLICE REGULATIONS; RAILROADS; LICENSE.

1. Under the act of Congress of January 26, 1887 (24 Stat. at L. 368, chap. 49), authorizing the commissioners of this District to make and enforce police regulations upon the subjects therein specified, the commissioners had no power to make such regulations upon other subjects. (Following *Fulton* v. *District of Columbia,* 2 App. D. C. 431; *Baltimore & O. R. Co.* v. *District of Columbia,* 10 App. D. C. 111; *Taylor* v. *District of Columbia,* 24 App. D. C. 392; and *Coughlin* v. *District of Columbia,* 25 App. D. C. 251.)

2. *Quære,* whether the commissioners of the District had the power to revive a police regulation void because made upon a subject upon which they were not then authorized to make such a regulation, under an act of Congress extending their power to make such regulations, except by re-enactment and publication with the formalities required in the enactment of a police regulation.

3. The privilege of a railroad company to lay its tracks along a street in the city of Washington is a mere license from Congress, revocable at the will of Congress.

4. Sec. 16 of article 10 of the police regulations of the District of Columbia, requiring railroad tracks in the streets of Washington to be fenced when their grades are approximately even with the adjacent surface, is not within the general authority given the commissioners by the joint resolution of Congress of February 26, 1892 (27 Stat. at L. 394), to make and enforce reasonable and usual police regulations, and is void, as its effect, if enforceable, would be to do what Congress has refused to do, namely to give railroad companies exclusive rights of way in the streets. (Distinguishing *Baltimore & P. R. Co.* v. *Cumberland*, 12 App. D. C. 598.)

No. 2081. Submitted March 10, 1910. Decided April 5, 1910.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in an action to recover damages to personal property.    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the supreme court of the District of Columbia awarding appellee, Julia Fitzgerald, plaintiff below, damages for injuries inflicted upon her property by the alleged negligence of the appellant, the Baltimore & Ohio Railroad Company. This cause was originally tried in the justice of the peace court, and, from a judgment rendered in favor of appellee, appellant appealed to the supreme court of the District.

It appears that, at the time of the accident, the tracks of appellant's road extended along First street, northeast, in this city, from the former Baltimore & Ohio depot to a point a short distance north of N street, northeast, where it curved to the east. On the date of the accident, a wagon and horse belonging to appellee, who was engaged in the ice business, were standing on First street near the railway track, and in front of the platform of an ice plant located at that point, where it was waiting for its turn to be loaded. While standing in this position, one of the regular trains of the appellant company appeared around the curve above N street, backing into the station. The train was moving slowly, and the conductor and brakeman were

standing on the rear platform of the rear car as it was being backed along the street, for the alleged purpose of keeping a lookout to see that the crossings were clear. The wagon in question was not standing at the crossing, but about midway along the block, between the M and N street crossings of First street. As the rear car of the train backed past the point where the horse and wagon were standing, the horse became restive and started to move away from the train, when the driver caught up the lines, and, in his endeavor to control the horse, backed the wagon into the train, overturning the wagon and throwing the horse. The wagon was broken and the horse injured. For the damages sustained, this suit was brought.

*Mr. George E. Hamilton, Mr. Michael J. Colbert, Mr. John W. Yerkes,* and *Mr. John J. Hamilton* for the appellant.

*Mr. P. R. Hilliard* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The sole ground upon which the right of recovery is based is that the company was negligent in not having its tracks fenced along this portion of First street. It is insisted that this duty was imposed upon the appellant company by virtue of an ordinance of the District of Columbia, and that, for failure to comply with this requirement, it should be held guilty of such negligence as would entitle the appellee to recover. It is clear from this record that there is no other theory upon which appellee would have a shadow of right to maintain her action. The act of Congress of January 26, 1887 (24 Stat. at L. 368, chap. 49), conferred upon the commissioners of the District of Columbia power to enforce usual and reasonable police regulations upon ten different specified subjects. The portions of the act pertinent to the consideration of this case are as follows: "Be it enacted, etc., that the commissioners of the District of Columbia be, and they are hereby, authorized and empowered to make, modify, and enforce, usual and reason-

able police regulations in and for said District, as follows: * * * Tenth: To regulate the movements of vehicles on the public streets and avenues, for the preservation of order and protection of life and limb." In pursuance of the authority granted by the above act, the commissioners, on June 15, 1887, promulgated a fence regulation, known as sec. 16, article 10, of the police regulations, which is as follows: "Whenever the grade of a steam railroad track is approximately even with the adjacent surface, the line of the road shall be securely closed on both sides with a substantial fence, and all grade crossings or intersections of any steam railroad tracks with streets or avenues shall be securely guarded by a suitable gate or guard erected and maintained by the company owning or operating such track."

It has been repeatedly held by this court that the above act of Congress did not confer upon the commissioners of the District of Columbia power to enact usual and reasonable regulations upon any and all subjects which they might consider proper, but that it was limited to the enactment of regulations upon the subjects specified in the act. *Fulton* v. *District of Columbia*, 2 App. D. C. 431; *Baltimore & O. R. Co.* v. *District of Columbia*, 10 App. D. C. 111; *Taylor* v. *District of Columbia*, 24 App. D. C. 392; *Coughlin* v. *District of Columbia*, 25 App. D. C. 251.

It is not seriously contended, however, that the commissioners had authority to enact and enforce this regulation, under the act of Congress of 1887. This court held in the case of *Baltimore & O. R. Co.* v. *District of Columbia*, supra, that the tenth clause of the act of 1887 did not even confer authority upon the commissioners to regulate the movement of trains and locomotives on the right of way of a railroad company. In that case the court said: "We agree with the appellants that railroad locomotives and cars are not within the meaning of the word 'vehicles,' as used in the foregoing clause. They may, no doubt, be regarded as vehicles in a strained sense, and therefore held to be comprehended in the word when such an intention

can be reasonably gathered from the context; but they are not within its usual and ordinary signification."

Congress, on February 26, 1892 (27 Stat. at L. 394), passed a joint resolution enlarging the powers of the commissioners of the District of Columbia, the 2d section of which is as follows: "That the commissioners of the District of Columbia are hereby authorized and empowered to make and enforce all such reasonable and usual police regulations, in addition to those already made under the act of January 26, 1887, as they may deem necessary for the protection of lives, limbs, health, comfort, and quiet of all persons, and the protection of all property within the District of Columbia."

The record discloses the following proceedings by the commissioners, relative to the amendment, and the attempted re-enactment of the fence ordinance:

Office of the Commissioners of the District of Columbia.
                Washington, D. C., Aug. 31, 1894.

Ordered by the commissioners of the District of Columbia that, under and by virtue of the authority and power conferred upon the said commissioners by, among others, an act of the Congress of the United States approved January 26, 1887, and a joint resolution approved February 26, 1892, the following regulations be, and they hereby are, made and declared as police regulations in and for the said District, namely:

Then followed, in volume 7 of the commissioners' minutes and order book, all of the regulations deemed to be in force at that time, including the regulations above set forth. That no publication of these police regulations was made, such as is required by law when a new regulation is enacted, and that the only publication, that had ever been made of sec. 16 of article 10, prior to June 4, 1895, occurred immediately after its promulgation in 1887. That on June 4, 1895, the commissioners amended sec. 16 of article 10, by inserting therein the

word "roads" between the words "with" and "streets," the following being the language of the order:

Ordered    *    *    *

"12. That sec. 16 of article 10 of the police regulations in and for the District of Columbia, made August 31, 1894, is hereby amended by the insertion of the word 'roads' after the word 'with' in the fourth line thereof, so that the first sentence of said section shall read as follows: "Whenever the grade of a steam railroad track is approximately even with the adjacent surface, the line of the road shall be securely closed on both sides with a substantial fence, and all grade crossings or intersections of any steam railroad track with roads, streets, or avenues, shall be securely guarded by a suitable gate or guard erected and maintained by the company owning or operating such track."

It further appears that the ordinance, as thus amended, was published as required by law.

It is insisted by counsel for appellee that the commissioners, in attempting to amend the fence ordinance by inserting the word "roads" therein, as shown by the above minute of the proceedings, as testified to by the secretary of the board of commissioners, and causing the same to be published as required by law, re-enacted the original void ordinance. It appears, however, from the record that what the commissioners in fact did was to attempt to amend "sec. 16 of article 10 of the police regulations in and for the District of Columbia, made August 31, 1894." It does not appear that any regulations were made and promulgated in the manner required by law on that date, but that, beginning on that date, the commissioners published, and continued thereafter to publish, every three years, in pamphlet form, all of the police regulations, original or amended, supposed to be in force at the time of the publication. This constituted merely a collection of all the regulations which had been passed or amended up to the time of the issuance of the compilation. It further appears that the regulatin in question was not incorporated in the compilation made after 1894.

We do not think, however, that it is necessary for us to con-

sider whether or not, the original regulation being void, it was possible for the commissioners to revive it and give it life under the resolution of Congress of 1892, except by re-enactment and publication with all the formalities required in the original enactment of an ordinance, since it is not necessary to rest our decision upon this point. Assuming that the original ordinance had been so re-enacted, we are still of opinion that it could not be enforced to the extent of requiring railroad companies, with tracks extending along streets in the District of Columbia, to fence the same. Congress has absolute authority to regulate the disposition and use that shall be made of the streets in this city. It had power to grant to the appellant company a license to lay its railway tracks along the street in question, and it had the power at any time to revoke that license. In fact, this privilege amounted to nothing more than a mere revocable license. In the absence, therefore, of specific provision to the contrary, the right of the appellant company to use the street under the license granted by Congress would amount to nothing more than authority to occupy a portion of the street in conjunction with the public generally. To authorize or require the fencing of appellant's railway tracks on the street in question would have the effect of giving the railway company the exclusive use and control of that portion of the street occupied by its right of way. Inasmuch as the right that was acquired by the railway company from Congress was a mere license to occupy a portion of the street in common with the public, it follows that the commissioners of the District could not, under the general authority given in the resolution of Congress, enact an ordinance which, in effect, would do what Congress had refused to do, namely, give the railway company an exclusive right of way in the street.

The ordinance here in question was indirectly considered by this court in the case of *Baltimore & P. R. Co.* v. *Cumberland,* 12 App. D. C. 598. In that case the validity of the ordinance was not assailed; neither was it necessary for the court to consider this question in determining the matters involved. The proceedings of the commissioners showing the irregular

manner in which the attempted re-enactment was accomplished were not before the court. Hence, that case contains nothing inconsistent with the views expressed herein.

The judgment is reversed, with costs, and cause remanded for further proceedings in conformity with this opinion, and it is so ordered.　　　　　　　　　　　　　　　　　　　*Reversed.*